[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Van Hornesville, New York on June 21, 1958. The plaintiff has resided continuously in this state for the last nineteen years. There are three children issue of the marriage, all of whom are adults. The evidence presented indicates that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
This is the first marriage for both parties. The plaintiff is 57 years old, and the defendant is age 61. They present themselves as candid, articulate and intelligent people. Their relationship has deteriorated over a number of years. It appears that the parties' differences as to their priorities and value systems were major factors in the disintegration of the marriage. The court declines to assess fault as to the breakdown to either party. Each must assume some CT Page 2679 responsibility.
The court has carefully considered the criteria set forth in Connecticut General Statutes 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The plaintiff is awarded the following assets. The value attributed to each asset is found to be as stated on the plaintiff's financial affidavit dated March 26, 1991.
 a. Undivided one-half interest in the farm in Van Hornesville, New York; b. Merrill Lynch Money Market/Stock Brokerage Account; c. Atlantic Richfield Stock; d. Interest in Sun Refining and Amerada Hess; e. 1989 Volvo automobile; f. Piano; g. Inherited furniture, furnishings and silver; h. Plaintiff's separate furniture, furnishings and equipment; i. plaintiff's jewelry; j. Plaintiff's savings and checking accounts.
2. The defendant is awarded the following assets. The value attributed to each asset is found to be as stated on the defendant's financial affidavit dated March 20, 1991.
 a. Defendant's Savings accounts and Certificates of deposit; b. Defendant's Checking Accounts; c. Defendant's Securities; d. The 1987 and 1990 Honda Automobiles; e. Defendant's Life Insurance Policies; f. Arts and crafts; g. Stamp and Coin Collection h. The Supplemental Ford Foundation Retirement Plan.
3. The family home located at 523 North Maple Avenue, Greenwich, Connecticut, shall be immediately listed for sale. If the parties cannot agree on the terms and conditions of sale, the court retains jurisdiction regarding the terms and conditions of sale. After the payment of the mortgage and customary closing cost, the equity shall be divided equally by the parties.
a. Until the sale, both parties may continue to reside in the family home. The defendant shall be responsible for the payment of all carrying costs pending sale, including but not CT Page 2680 limited to the mortgage, taxes, insurance, utilities, routine maintenance, fuel and his portion of the telephone bill, including one-half of the basic monthly charge. Also, the defendant shall be responsible for the payment of the automobile insurance for both parties.
b. The plaintiff shall be responsible for the payment of her portion of the telephone bill, including one-half of the basic monthly charge, and cable T.V. charges.
c. The parties shall equally share "fix-up costs" presently in progress and any to be initiated by agreement or court order up to the time of sale.
4. The defendant shall pay to the plaintiff as an assignment of property the sum of $100,000 at the time of the closing of title in reference to the sale of the family home.
5. The personal property of the parties remaining to be distributed shall be divided by agreement. The court reserves jurisdiction to decide this issue, if necessary.
6. The defendant is ordered to immediately prepare for the court's approval of a Qualified Domestic Relations Order (QDRO) that will provide to the plaintiff, in level monthly payments, thirty-three and one-third (33 1/3%) percent of the defendant's current values of his Teachers Insurance and Annuity Association and College Retirement Equity Fund pension accounts, which under current effective annuity rates would provide the plaintiff with approximately $40,000 per annum, for life.
a. The court retains continuing jurisdiction of the QDRO until it is approved by both the court and the plan administrator.
b. The defendant shall retain the remaining interests in the two retirement accounts referred to above.
7. The defendant shall pay to the plaintiff as periodic alimony the sum of $2,000 per month, payable on the first day of each month in advance, commencing April 1, 1991. The payments shall continue until the death of either party, the plaintiff's remarriage or the commencement of the QDRO payments to the plaintiff, whichever event first occurs. The payments shall be non-modifiable as to term. A contingent wage withholding order
8. The defendant shall name the plaintiff, as long as she is living, the beneficiary of the Ford Foundation life insurance policy in the amount of $200,000.00, reduced to $177,000.00, if required by the terms of the policy. CT Page 2681
9. The defendant shall cooperate in obtaining the continuation of his group health insurance, under COBRA, for the benefit of the plaintiff. If there are any premiums due, they shall be the responsibility of the plaintiff.
a. The defendant shall reimburse the plaintiff for one-half (1/2) of the medical expenses paid by the plaintiff to the present date to the extent not reimbursed or paid by insurance. However, the defendant shall have no obligation to reimburse the plaintiff for any expenses not paid by insurance due to the late presentation of bills by the plaintiff.
10. Each party shall pay his or her own counsel fees as well as the liabilities listed on his or her financial affidavit.
Judgment may enter accordingly.
NOVACK, J.